RECEIVED
IN LAKE CHARLES, LA

NOV 18 2013

TONY R. MOORE, CLERK
BY_____
           DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MARGICE ANGELLE | : DOCKET NO. 2:12-CV-01759-PM-KK |
| VS. | : JUDGE MINALDI |
| THE KROGER COMPANY, LIBERTY MUTUAL INSURANCE COMPANY AND SCHUR MARKETING AND TECHNOLOGIES USA, INC. | : MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are Motions for Summary Judgment filed Kroger Company and Liberty Mutual Insurance Company ("Kroger) and Schur Marketing and Technologies USA, Inc. ("Schur") [Rec. Doc. 11 and 12]. The plaintiff, Margice Angelle, filed a response [Doc. 16] and the defendants filed replies [Rec. Doc. 18 and 19]. For the reasons stated herein, these motions will be GRANTED.

## FACTS

On March 4, 2011, the plaintiff, Margice Angelle ("Angelle"), entered the Kroger facility at 139 McNeese Street in Lake Charles, Louisiana. While walking to the service desk, located at the front of the store, Angelle slipped and fell in a wet substance on the floor.[1]

The wet substance was located approximately two feet from an ice machine,[2] which is owned by the defendant, Schur. After standing, Angelle noticed that there were two cashiers and a service desk worker located just a few feet from her.[3] The service desk worker called for help

---

[1] Complaint.

[2] Angelle deposition, p. 63.

[3] Angelle deposition, p. 69

and an accident report was completed. Angelle heard the service desk worker call someone to clean up the liquid.[4]

The area of the accident was open to the public and to other customers.[5] The plaintiff described the water as being clear, not muddy or dirty and there were no cart tracks or footprints running through it.[6]

Immediately after leaving Kroger, Angelle was seen and treated at Women and Children's Hospital complaining of pain to her left ribs, left shoulder and left hand.

Angelle began chiropractic treatment for her neck, shoulder, knee, and low back pain, which gave her minimal relief. Angelle than began treatment with Dr. Clark Gunderson, Orthopedic Surgeon, for her severe neck and back pain. She also suffered from radiating pain and headaches. A lumbar MRI on October 6, 2011, revealed disk injuries at L5-S1, L2-3, and L3-4.

Angelle then began physical therapy for severe neck and back pain. This therapy continued for three months. She alleges that she continues to experience neck and back pain which sometimes interferes with her everyday life.

Neither Angelle nor any other person has any specific knowledge about how the liquid came to be on the floor.[7] Further, there is no evidence to suggest the length of time the liquid was on the floor.[8] Angelle does not know of any problems with the ice machine that was near

---

[4] Angelle deposition, p. 71.

[5] Angelle deposition, p. 101.

[6] Angelle deposition, p. 61-62, 66.

[7] Angelle deposition, p. 68.

[8] Angelle deposition, p. 66-68.

the site of her fall, nor does she know that the water in which she fell actually came from the ice machine.[9]

There is no evidence suggests that any Kroger employees were aware of the liquid. There is no evidence of any mechanical issue with the ice machine.

Angelle is seeking damages for pain and suffering and for the extensive medical treatment she received as a result of the incident.[10]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment

---

[9] Angelle deposition, p. 72, 74.

[10] Complaint.

is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## LAW & ANALYSIS

The merchant liability "slip-and-fall" statute governs the plaintiff's claims. *See Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F. Supp. 996, 999 (E.D. La. 1997), *aff'd*, 146 F.3d 868 (5th Cir. 1998). Kroger qualifies as a "merchant" under the statute; therefore, Kroger "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In their negligence action against Kroger, the plaintiffs have the burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) [Kroger] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) [Kroger] failed to exercise reasonable care. *Id.* at (B).
>
> *Davenport v. Albertson's, Inc.* 2000-00685, 774 So. 2d 340 (La. App. 3 Cir., 2000).

In Louisiana, a plaintiff in a slip-and-fall case must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." § 2800.6(B)(2). "Constructive notice," as defined by the statute, "means the claimant has proven that the *condition existed for such a period of time* that it would have been discovered if the merchant had exercised reasonable care...." § 2800.6(C)(1) (emphasis added).

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall....
>
> Though there is no bright line time period, a claimant must show that 'the condition existed for such a period of time ...' Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows

> that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/1/97); 699 So.2d 1081, 1084-85 (footnote omitted).

In *White*, as in this case, the plaintiff presented evidence that a puddle existed at the time of the fall, but presented no evidence as to how long the puddle had been on the floor. *Id.* at 1086. The Louisiana Supreme Court found the evidence insufficient as a matter of law under §2800.6 and entered judgment for the defendant. *Id.* Likewise, Angelle has presented ample evidence that there was a liquid substance on the floor at the time of her slip and fall (and at least immediately before the slip and fall), but she has presented no evidence as to how long the liquid had been there or how the liquid got on the floor. Angelle testified that the water was clear and that there were no cart track or footprints tracking through the puddle. This suggests that the liquid was there for only a short period of time.

There is a complete lack of evidence concerning how long the liquid had been on the floor prior to the accident. There is no bright-line time period which does or does not suffice to show consecutive notice. *Beninate v. Wal-Mart Stores, Inc.*, (La. App. 5 Cir. 1997); 704 So.2d 851, 855 (citing *White*, 699 So.2d 1081). The plaintiff must at least show that the hazardous condition existed for *some* time prior to the accident in order to survive a motion for summary judgment. *See id.* Additionally, the claimant must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. *Cates v. Dillard Dept. Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010); *see also Abshire v. Hobby Lobby Stores, Inc.*, no. 2:08-CV-650, 2009 WL 1310893, at *3 (W.D. La., May 7, 2009). Angelle only alleges that the dangerous condition existed *at the time of her fall*; she does not

allege that the condition existed for *some* period of time before.[11] As a result, she cannot prove that the condition existed for any quantifiable amount of time. Therefore, there is insufficient evidence for the trier of fact to determine if it would have been reasonable for Kroger to discover the defect.

Because the puddle was near the ice machine, the plaintiff infers Schur's liability as well. Yet, the plaintiff testified that she does not know of any problems with the ice machine, nor does she know if the water was related to the ice machine.[12] Affidavits by Richard Arce and Ryna Gorea, of Schur, affirm that there was no known defect with the ice machine that caused water to be on the floor.[13] Maintenance prior to the accident was on February 24, 2011. The electrical plug used by the ice merchandiser was changed at this time. The next maintenance was after the accident, on March 7, 2011, to realign the conveyor belt, which had stopped moving one day after the accident. On the day of the accident the ice machine was operating normally and no known defect cause any leakage.

La. Civil Code article 2317.1 defines the basis for delictual liability for defective things:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitor* in an appropriate case.

Thus, in order to establish liability based on ownership or custody of a thing, the plaintiff must show that (1) the defendant was the owner or custodian of a thing which caused the damage, (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm, (3) the

---

[11] Complaint.

[12] Plaintiff's deposition, p. 72, 74.

[13] Declarations of Richard Arce and Ryan Gorea.

ruin, vice, or defect of the thing caused the damage, (4) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect, (5) the damage could have been prevented by the exercise of reasonable care, and (6) the defendant failed to exercise such reasonable care. *Leonard v. Ryan's Family Steak Houses, Inc.*, (La. App. 1st Cir.6/21/06), 939 So.2d 401.

There is no evidence in this case that Schur caused or created the water on the floor. It is the plaintiff's burden to prove causation. The fact that there was water on the floor in the proximity of the ice machine does not meet this burden. In a very similar case cited by Schur, *Dufour v. E-Z Serve Convenience Stores, Inc.*, 731 So.2d 915 (La. App. 5 Cir. 3/30/99), a customer sued a store after he slipped and fell in a puddle of water in front of an ice cooler in the store. The plaintiff argued that the puddle of water was caused by a leak in the ice cooler because the water was on the ground in front of the ice cooler. But, he was unable to actually provide evidence that the ice cooler was defective or that it caused the leak. Citing the plaintiff's burden to prove that the ice cooler actually created the spill, the court dismissed plaintiff's claims because there was no actual evidence relating the water to the ice cooler. Likewise, Angelle has introduced no competent summary judgment evidence that the water on the floor was actually caused by the ice machine.

Accordingly, under *White* and *Dufour*, Angelle's claim must fail. *See Gray v. Wal-Mart Louisiana, LLC*, no. 1:09-CV-1523, 2011 WL 4551460, at *2 (W.D. La. Sept. 29, 2010), *aff'd*, no. 11-30946, 2012 WL 3205524 (5th Cir. Aug. 7, 2012) (noting that court may grant summary judgment where plaintiff (1) lacked knowledge regarding the length of time the puddle has been on the floor and (2) lacked knowledge about the cause of the puddle).

## CONCLUSION

For the reasons stated herein, Kroger's Motion for Summary Judgment [Rec. Doc. 12] and Schur's Motion for Summary Judgment [Rec. Doc. 11] will be GRANTED and the plaintiffs' claims will be DISMISSED WITH PREJUDICE.

Lake Charles, Louisiana, this 15 day of November, 2013.

Patricia Minaldi
United States District Judge